IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARY LYNN THOMAS, ) | |
| ) | |
| Petitioner, ) | C.A. No. 09-289 Erie |
| ) | |
| v. ) | Magistrate Judge Baxter |
| ) | |
| FEDERAL BUREAU OF PRISONS, et al., ) | |
| ) | |
| Respondents. ) | |

**OPINION AND ORDER**[1]

**I.    Background**

In September 2005, Petitioner Gary Lynn Thomas pleaded guilty in the United States District Court for the District of Nevada to several federal crimes. On January 17, 2006, the district court sentenced him to the following concurrent terms of imprisonment: 70 months for Conspiracy to Distribute a Controlled Substance; 60 months for Tax Evasion; and, 60 months for Structuring Financial Transactions to Avoid Currency Reporting Requirements.

The Bureau of Prisons (the "BOP") designated Petitioner to serve his term of imprisonment at the Federal Correctional Institution at McKean ("FCI-McKean"), located in Bradford, Pennsylvania. While at FCI-McKean, Petitioner successfully participated in its drug treatment program and the BOP provided him with a twelve-month sentence reduction pursuant to its authority under 18 U.S.C. § 3621(e)(2)(B). [See Hr'g On Temporary Restraining Order Tr. at 16-17]. His sentence is set to expire on July 17, 2010.

18 U.S.C. § 3624 describes the BOP's obligation to prepare a prisoner for community re-entry by, *inter alia*, designating him to a Residential Re-entry Center ("RRC") (commonly referred to a halfway house) at the end of his sentence. The Second Chance Act of 2007 (the "SCA"), PL 110-199 (effective on April 9, 2008) amended 18 U.S.C. § 3624 to allow for a

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including entry of a final judgment. [Document Nos. 3 & 9].

maximum of twelve months of pre-release RRC placement. Section 3624(c) has always provided the BOP with the discretion to determine whether and how long an inmate is to be pre-released to an RRC. The BOP retains this discretion under the SCA, provided such pre-release confinement is practicable and the BOP considers the factors set forth at 18 U.S.C. § 3621(b), which are: (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence concerning the purposes for which the sentence to imprisonment was determined to be warranted, or recommending a type of penal or correctional facility as appropriate; and, (5) any pertinent policy statement by the Sentencing Commission. 18 U.S.C. § 3621(b)(1)-(5).

On May 7, 2009, Petitioner's Unit Team notified him that he would be pre-released to an RRC pursuant to 18 U.S.C. § 3624 for the last 180-days of his sentence. Petitioner filed an administrative appeal of the Unit Team's decision because he believed that he should spend more of the end of his sentence in an RRC. On November 6, 2009, Harrell Watts, with the BOP's National Inmate Appeals, denied Petitioner's request for administrative relief. [*Administrative Remedy Response*, attached to Document No. 7].

On November 19, 2009, Petitioner commenced the instant action by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Document No. 1] and an accompanying motion for a temporary restraining order [Document No. 2], which in actuality is a motion for expedited relief. He sought an order from this Court directing the BOP to immediately transfer him to an RRC.

The Court held a hearing on December 18, 2009, at which Petitioner and counsel for Respondents, Jennifer Andrade, Esq., participated via telephone. Petitioner was very prepared for the hearing and is commended for the excellent effort he made in presenting his case. Ms. Andrade set forth the Respondents' position, provided additional background information, and explained that Petitioner was scheduled to be transferred to an RRC (Renewal Inc., in Pittsburgh, Pennsylvania), but also noted that it was at capacity at the present time. [Hr'g On

Temporary Restraining Order Tr. at 2-3]. The Court took the parties' arguments under advisement.

On January 19, 2010, the BOP transferred Petitioner to an RRC and released him from incarceration.

## II.     Discussion

It is a well-established principle that federal courts do not have jurisdiction to decide an issue unless it presents a live case or controversy as required by Article III of the Constitution. See Spencer v. Kemna, 523 U.S. 1, 7 (1998); Burkey v. Marberry, 556 F.3d 142, 147 (3d Cir.), *cert. denied* 130 S.Ct. 458 (2009). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate ... the parties must continue to have a 'personal stake in the outcome' of the lawsuit." Id. at 7 (quoting Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990)). If developments occur during the course of adjudication that eliminate a petitioner's personal stake in the outcome of a suit or prevent a court from being able to grant effective relief, the case must be dismissed as moot. Burkey, 556 F.3d at 147 (citing Spencer, 523 U.S. at 7).

Because Petitioner has been released from FCI-McKean to an RRC, there is no additional relief that this Court can provide to him. He no longer has the requisite "personal stake" in the outcome of the litigation. See Id.; Spencer, 523 U.S. at 7. Accordingly, there is no case or controversy for this Court to consider, and the petition for writ of habeas corpus and the motion for a temporary restraining order must be dismissed as moot.[2]

---

[2]

When the injury that a complaining party seeks to remedy through litigation is no longer existent, there still may be a case or controversy before the court if there is: (1) a collateral injury; (2) that is "likely" to be redressed by the court's decision. See, e.g., Spencer, 523 U.S. at 7-8 (quoting Lewis, 464 U.S. at 477); Burkey, 556 F.3d at 147-51. Courts often will presume that a wrongful conviction has collateral consequences that likely can be remedied by a favorable decision from a habeas court. Id. However, in cases such as the instant case, where a petitioner is challenging the execution of his sentence and not the lawfulness of his underlying conviction, the petitioner has the burden of demonstrating that he has sustained a collateral injury that can be effectively remedies by the court in order to avoid having his case dismissed on mootness grounds. Id.; Burkey, 556 F.3d at 148 ("Where…the appellant is attacking a sentence that has already been served, collateral consequences will not be presumed, but must be proven.").

**III.     Conclusion**

       For the foregoing reasons, the Petition For a Writ Of Habeas Corpus [Document No. 1] and the motion for a temporary restraining order [Document No. 2] are dismissed as moot.

       An appropriate Order follows.

                                           /s/ Susan Paradise Baxter
                                           SUSAN PARADISE BAXTER
                                           United States Magistrate Judge

Dated:  February 18, 2010

cc:     counsel of record and
        Gary Lynn Thomas (at his last address of record)
        FCI MCKEAN
        PO BOX 8000
        BRADFORD, PA 16701

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARY LYNN THOMAS, ) | |
| ) | |
| Petitioner, ) | C.A. No. 09-289 Erie |
| ) | |
| v. ) | Magistrate Judge Baxter |
| ) | |
| FEDERAL BUREAU OF PRISONS, <u>et al.</u>, ) | |
| ) | |
| Respondents. ) | |

## ORDER

AND NOW, this 18th day of February, 2010;

IT IS HEREBY ORDERED that the Petition For a Writ Of Habeas Corpus [Document No. 1] and the motion for a temporary restraining order [Document No. 2] are DISMISSED AS MOOT. The Clerk of Courts is directed to close this case.

.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge